IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STERIC PAUL MITCHELL, ) <br>    ID # 46136-177, ) <br>       Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br>       Respondent. ) | No. 3:19-CV-1826-L-BH <br> No. 3:13-CR-128-L(1) <br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 30, 2019 (doc. 2), should be **DENIED** with prejudice.

## I.      BACKGROUND

Steric Paul Mitchell (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-128-L(1). The respondent is the United States of America (Government).

### A.     Conviction and Sentencing

On April 10, 2013, Movant and a co-defendant (Co-defendant) were indicted for conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two); kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count Three); and being felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Four). (*See* doc. 1.)[2] Movant pled not guilty to all four counts. (*See* doc.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:13-CR-128-L(1).

19.) On September 26, 2013, the Court severed Count Four from the other counts. (*See* doc. 40.) Movant proceeded to trial on Counts One, Two, and Three in August 2015. (*See* docs. 384-90, 406.) He was found guilty by a jury on Counts One and Three but acquitted on Count Two. (*See* doc. 281.)

At sentencing on April 13, 2017, Movant was sentenced to concurrent terms of 420 months' imprisonment on Counts One and Three, to run concurrently with a state court case pending in the 291st Judicial District Court of Dallas, Texas, followed by a three-year term of supervised release. (*See* doc. 361 at 1-3.)³ A separate judgment of acquittal as to Count Two was entered the same day. (*See* doc. 360.) Count Four was dismissed on the Government's motion on April 18, 2017. (*See* docs. 357, 364.) On July 23, 2018, Movant's convictions were affirmed on direct appeal. *See United States v. Mitchell*, 732 F. App'x 298 (5th Cir. 2018). He did not file a petition for a writ of certiorari with the Supreme Court.

**B.**   **Substantive Claims**

Movant asserts the following grounds for relief:

(1) Denial of effective assistance of counsel: Failure to investigate requested witnesses;

(2) Denial of effective assistance of counsel: Failure to call requested witnesses;

(3) Government coerced and intimidated defense witnesses ([Co-defendant]);

(4) Denial of effective assistance of counsel: Failure to completely cross examine Government Witness; and

(5) The accumulative affect [sic] of Grounds One - Four made [Movant's] trial unfair and prevented him from presenting a complete defense.

(No. 3:19-CV-1826-L-BH, doc. 2 at 7-9.) The Government filed a response on October 30, 2019.

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See id.*, doc. 7.) Movant filed a reply on January 27, 2020, and a supplemental reply on January 6, 2021. (*See id.*, docs. 10, 10-1, 10-2, 13.)

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. PROCEDURAL BAR

In his third ground, Movant contends that the "Government coerced and intimidated" Co-defendant, a defense witness. (No. 3:19-CV-1826-L-BH, doc. 2 at 7.) The Government contends that this ground for relief is procedurally barred because Movant failed to raise it on direct appeal.

(*See id.*, doc. 7 at 24.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent. *Id.*

Here, Movant has not shown any reason for his failure to raise his third ground for relief on direct appeal. He does not assert either cause or prejudice, and he does not establish a fundamental miscarriage of justice. Accordingly, his third ground for relief is procedurally barred from consideration in this § 2255 motion.

Even if it were not procedurally barred, his claim lacks merit. "Threats against witnesses are intolerable. Substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." *United States v. Anderson*, 755 F.3d 782, 792 (5th Cir. 2014) (quoting *United States v. Goodwin,* 625 F.2d 693, 703 (5th Cir.1980)) (internal quotation marks omitted). To show "substantial government interference, 'the defendant must show a causal connection between the governmental action and the witness' decision not to testify.'" *See id.* (citations omitted). "[T]here must be evidence of threats or intimidation"; warning a defense witness about the consequences of committing perjury or providing incriminating evidence against himself does not amount to substantial government interference. *United States v. Girod*, 646 F.3d 304, 312 (5th Cir. 2011); *see also id.* at 311 (noting that the fact that the Government did not speak with potential defense witnesses until after learning that they were on the defense's witness list was not improper); *United States v. Thompson*, 130 F.3d 676,

687 (5th Cir. 1997) (holding that warning a defense witness about the consequences of perjury was not substantial interference); *United States v. Viera*, 839 F.2d 1113, 1115 (5th Cir. 1988) (finding no substantial interference where a prosecutor informed defense counsel that charges would be filed against a potential defense witness if the witness testified and provided incriminating evidence against himself or committed perjury because "[a] prosecutor is always entitled to attempt to avert perjury and to punish criminal conduct.").

Movant claims that after the "defense stated they would call [Co-defendant] as a witness, Government [sic] had a meeting with" him, during which it threatened "further prosecution, if he testified." (No. 3:19-CV-1826-L-BH, doc. 2 at 7, 9; *see also id.*, doc. 10-1 at 27-33.) "Basically the Government threatened to prosecute [Co-defendant] for doing exactly what their [plea] agreement required him to do, and the charges they threatened to prosecute him on were charges that the same agreement stated they would not prosecute." (*Id.*, doc. 2 at 9.) He also alleges that the "only logical reason for the meeting with [Co-defendant] was to illegally intimidate [him] to prevent him from testifying." (*Id.*; *see also id.*, doc. 10-1 at 28, 31.) Movant only makes conclusory allegations regarding the meeting between the Government and Co-defendant and speculative inferences of intimidation or threats, however. He asserts no facts or evidence in support.

Because conclusory allegations and speculation are insufficient to show a constitutional violation, and because a correlation between the Government's meeting with Co-defendant and his failure to testify at trial is insufficient to establish causation, Movant has failed to show that the Government substantially interfered with his rights.[4] *See Girod*, 646 F.3d at 312 ("[C]orrelation is not enough; [the defendant] must at a minimum prove causation."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas

---

[4] Although the Court expressed distaste and concern over the Government's approach to Co-Defendant's situation as a potential witness, Movant has not shown that the Government's actions rose to the level of a constitutional violation.

petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"). The claim should therefore be denied.[5]

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first, second, and fourth grounds for relief, Movant contends that counsel rendered ineffective assistance. (*See* No. 3:19-CV-1826-L-BH, doc. 2 at 7-8.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong

---

[5] Movant also claims that "[i]t should also be reasonably inferred that the government is guilty of the Brady Violation that they denied to the Court. Considering what [Co-defendant's] testimony was at his sentencing and [Movant's] sentencing, it is impossible to believe that [Co-defendant] did not make some of those same statements when the government met with him to determine what his trial testimony would have been. This inference is supported by the herculean effort the government made to keep [Co-defendant] off the stand." (No. 3:19-CV-1826-L-BH, doc. 10-1 at 31.) To the extent these allegations may be liberally construed as a separate ground for § 2255 relief, Movant has failed to assert either cause or prejudice for not raising this claim on direct appeal, and he does not establish a fundamental miscarriage of justice. Even if he had, he provides no facts or evidence beyond conclusory allegations and speculation to support his claim, which are not sufficient to warrant § 2255 relief. To the extent he raises this argument as an additional ground for § 2255 relief, this conclusory claim should be denied.

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A.   Failure to Investigate and Call Witnesses

In his first and second grounds, Movant contends that counsel was ineffective because he failed "to investigate" and "to call requested witnesses," including Co-defendant, his ex-girlfriend (Ex-girlfriend), a toxicologist (Toxicologist), and a medical physician (Physician).[6] (No. 3:19-CV-1826-L-BH, doc. 2 at 7; doc. 10-1 at 22-24.)

Counsel has a duty to investigate the charges and evidence against his client. *Strickland*, 466 U.S. at 690-91. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000) (stating, in context of direct appeal that, "[t]o establish his failure to investigate claim, [the defendant] must allege with specificity

---

[6] Movant does not allege a claim of ineffective assistance of counsel based on a failure to investigate Physician. (*See* No. 3:19-CV-1826-L-BH, doc. 2 at 7.)

7

what the investigation would have revealed and how it would have benefitted him."). "[T]here is no presumption of prejudice based on the failure to investigate." *Gonzalez v. United States*, Nos. 5:19-CV-145, 5:15-CR-1112-01, 2020 WL 1893552, at *3 (S.D. Tex. Jan. 24, 2020) (citing *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990)).

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985).

### 1. *Co-Defendant*

Movant contends that counsel was ineffective because he failed to investigate or call Co-defendant as a witness. (No. 3:19-CV-1826-L-BH, doc. 2 at 9; doc. 10 at 6, 29.)

#### a. Investigation

Movant first contends that counsel "fail[ed] to interview [Co-defendant], or question him in any way[.]" (*Id.*, doc. 10 at 6.) He claims that Co-defendant provided exculpatory testimony at his own and Movant's sentencing hearings, and that "[h]ad Counsel fulfilled his duty to investigate witnesses[ and interviewed him,] he would have discovered the same testimony[.]" (*Id.*, doc. 10 at 28.) He claims that "[t]here was no rational reason, considering the trial strategy that Counsel and [Movant] had agreed on; and what was known of the governments [sic] case, to not investigate and interview [Co-defendant] as a witness. (*Id.*, doc. 10 at 29.) Movant claims that Co-defendant's

8

testimony at the sentencing hearings showed that "there could be no conviction for conspiracy to commit kidnapping," "directly contradicts the acts set out in the indictment" relating to whether the sex between the victim and [Co-defendant] was consensual, and "directly contradicts the representation" by the Government regarding phone conversations between Movant and Co-defendant. (*Id.*, at 28-29.)

Assuming for purposes of this motion only that, as Movant alleges, counsel rendered deficient performance by failing to interview or question Co-defendant, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of prejudice. In addition to the allegedly exculpatory testimony, Co-defendant's testimony at the sentencing hearings included admissions that he had previously sworn that his statements in a factual resume, including those related to the conspiracy, were true and correct;[7] that he was guilty of kidnapping the victim; and that he furthered the conspiracy of kidnapping. (*See* No. 3:13-CR-128-L(2), doc. 414 at 28, 76.) He also testified that he and Movant discussed the money that Movant would pay him to pick up the victim and take her to the address Movant provided; that Movant instructed him on when, where, and how to pick up the victim from her motel; that only the three of them were at the address to which he took the victim; and that Movant had a gun the entire time. (*See id.*, doc. 414 at 30-31, 37, 44, 46; *see also* doc. 391 at 106, 117-19, 121-22.) At

---

[7] At the time of Movant's trial, Co-defendant had pled guilty under a plea agreement to the kidnapping count of the indictment, and had stipulated in a factual resume that, among other things,

> [o]n or about May 5th or 6th of 2012, [Movant] approached [Co-defendant] with an offer. [Movant] said he would give [Co-defendant] a total of $50, $20 in gas and $30 in cash, if [Co-defendant] agreed to go to a motel and pick up a girl and bring her to [Movant]. [Co-defendant] was supposed to tell her they were going to a party, when in fact, he was supposed to take her to [Movant] instead. [Co-defendant] was also supposed to pay another woman $100 when he picked up the girl from the motel. [Co-defendant] understood he would also get to have sex with the girl as part of the agreement.

(No. 3:13-CR-128-L(2), doc. 189 at 2.)

trial, the jury was presented with evidence, including testimony from the victim, text messages, and items found during searches conducted by law enforcement, showing that Movant conspired with Co-defendant or others to kidnap the victim. Movant has failed to show a reasonable probability that had counsel interviewed Co-defendant and obtained the same mixed testimony that he provided at the sentencing hearings, it would have changed the jury's conclusion that he was guilty of conspiracy to commit kidnapping.[8] Nor has he alleged any facts or evidence showing a reasonable probability that Co-defendant's testimony relating to alleged consensual sex with the victim and phone conversations with Movant would have resulted in a different outcome at trial. The "mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir 1999). Because Movant has failed to demonstrate *Strickland* prejudice, his claim that counsel failed to investigate Co-defendant as a potential witness should be denied.

### b. Trial Witness

Movant also contends that counsel was ineffective for not calling Co-defendant to testify at trial. (No. 3:19-CV-1826-L-BH, doc. 10 at 29.) He claims that he "and counsel had agreed that Co-defendant's testimony was paramount to their agreed defense strategy," and that counsel "knew that the government planned to use the indictment and inferences to give the jury the impression that Co-defendant was a bonafide [sic] co-conspirator, without putting [him] on the stand." (*Id.*, doc. 10 at 29-30.) He also claims that Co-defendant's "testimony could not match the indictment nor [his] factual resume." (*Id.*, doc. 10 at 30.) According to Movant, Co-defendant's "testimony would have affected the trial verdict, in that it would have brought into question the existence of a true co-conspirator. Even if the Jury felt, as the court stated, that [Movant] was capable of

---

[8] As discussed below, Movant has not shown that Co-defendant would have testified at trial or what the content of his testimony would have been.

misleading [Co-defendant], it would still foreclose a conspiracy conviction." (*Id.*, doc. 10 at 32.) Movant has not, however, satisfied his burden of showing that Co-defendant would have testified at his trial, what the content of his testimony would have been, or that the testimony would have been favorable to a particular defense. *See Day*, 566 F.3d at 538.

At the time of the trial, Co-defendant had pled guilty under a plea agreement to the kidnapping count and had admitted under oath that the stipulated facts in a factual resume were true and correct. (*See* No. 3:13-CR-128-L(2), doc. 194; doc. 414 at 28.) The Government represented on the record that following a meeting with him and his counsel, counsel indicated that the factual resume remained true and correct. (*See* doc. 385 at 3-4, 11-12.) The plea agreement had not yet been accepted, and Co-defendant had not yet been sentenced on the kidnapping count. (*See* doc. 384 at 113.) Because the remaining two counts were still pending and there were potential sentencing enhancement issues if Co-defendant testified, counsel stated that he would likely invoke his Fifth Amendment right not to incriminate himself if called at trial. (*See id.* at 117-20.) Aside from conclusory allegations and speculation, Movant has provided no evidence to show that Co-defendant would have testified at his trial or what the content of his testimony would have been given the status of his plea and sentencing.[9]

Even assuming Co-defendant would have testified at Movant's trial in accordance with his testimony at his and Movant's sentencing hearings, Movant has not shown that the testimony would have been favorable to a particular defense. Movant's defense at trial was that he rescued the victim from a voluntary engagement that turned sour, and that the investigation into the case

---

[9] In his reply, Movant argues that the Court indicated it would have conducted a hearing to determine whether and to what extent a Fifth Amendment issue existed, had Co-defendant been called as a witness by the defense. To the extent these allegations may be liberally construed as a separate ground of ineffective assistance of counsel, Movant has not shown a reasonable probability that the outcome of a hearing would have been favorable to him. Nor has he shown prejudice under *Strickland*. His claim should therefore be denied on this basis.

was untrustworthy and inadequate. (*See* doc. 406 at 48, 58-59.) The defense was based in part on the version of events Movant provided in an interview with law enforcement after his arrest, during which he told police that he found the victim walking along the road with a zip-tie on each ankle, picked her up, and drove with her in someone else's car to several unidentified places, where they spoke with several unidentified people. (*See id.* at 185-88.) Co-defendant's testimony at the sentencing hearings contradicted and undermined the defense's theory of events, corroborated portions of the victim's testimony, and provided additional evidence to support a finding of guilt on Count Two; it called the defense's credibility into question and potentially proving detrimental to the defense. Further, although Movant argues that the testimony would have been favorable on the conspiracy count, he ignores or minimizes Co-defendant's shifting and contradictory testimony relating to the conspiracy, as discussed.

Finally, even if Movant had satisfied his burden to show that counsel was ineffective for failing to call Co-defendant as a witness at trial, he has failed to show a reasonable probability that the testimony would have changed the jury's conclusion that he was guilty of conspiracy. As discussed, the jury was presented with evidence, including testimony from the victim, text messages, and items found during searches conducted by law enforcement, that Movant conspired with Co-defendant or others to kidnap the victim. Co-defendant's testimony included affirmations of his involvement in a conspiracy to kidnap the victim and denials of the same. Movant's conclusory allegations that there could be no verdict of guilt on the conspiracy claim based on Co-defendant's testimony is unsupported by the record and does not establish *Strickland* prejudice, nor do his allegations that the results of the trial "could have" been different. *See Ross*, 694 F.2d at 1011; *Crane*, 178 F.3d at 312. His claim should be denied.

### 2. *Ex-girlfriend*

Movant claims counsel was ineffective for failing to investigate or call Ex-girlfriend as witness, and that she "gave testimony that could have [sic] favorable to [him], had [she] testified at trial." (*See* No. 3:19-CV-1826-L-BH, doc. 2 at 7.) He argues that her "testimony would have given the Defense a factual bases [sic] to challenge and/or impeach testimony given at trial by the government's two main witnesses ([the victim] and Det. Moon)." (*Id.*, doc. 10-1 at 18.) According to him, "[b]eing deprived of [Ex-girlfriend's] testimony at trial was prejudicial to [him] in that it prevented him from being able to present a complete defense to the charges alleged at trial." (*Id.*, doc. 10-1 at 22.)

Aside from naming Ex-girlfriend and stating that she gave testimony favorable to him at his sentencing hearing, Movant does not otherwise explain or address his claim that counsel was ineffective for failing to investigate her. Because he has failed to allege what investigation his counsel could have conducted, or what evidence any such investigation would have revealed, he has not shown that counsel's performance was deficient. He also has not alleged facts or evidence showing prejudice. His conclusory claim should therefore be denied. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Moreover, the record shows that Ex-girlfriend "was on the Defense's Witness List, she had been subpoenaed and she showed up during trial and was sworn in by the Court." (*Id.*, doc. 10-1 at 18; *see also* docs. 261, 356; doc. 406 at 103-05.) Movant has not provided evidence showing the content of her proposed testimony or that it would have been favorable to a particular defense. Even assuming she would have given the same testimony at trial that she gave at Movant's

13

sentencing hearing,[10] and that she would have provided bases upon which he could challenge or impeach Government witnesses, his claim still fails. He has not provided any facts or evidence beyond speculation and mere possibility to show a reasonable probability that the result of the trial would have been different had Ex-girlfriend testified. Movant has failed to show *Strickland* prejudice, and his claim should therefore be denied. *See Crane*, 178 F.3d at 312.

### 3. *Toxicologist*

Movant contends that counsel was ineffective for failing to investigate "Toxicologist that gave consultation". (*See* No. 3:19-CV-1826-L-BH, doc. 2 at 7.) Toxicologist is first referenced in his reply. (*See id.*, doc. 10-1 at 24; *see also id.*, doc. 13.) Aside from this single reference, Movant does not otherwise explain or address the claim in his pleadings. Movant has failed to allege what additional investigation counsel could have conducted, or what evidence any such investigation would have revealed, so he has not shown that counsel's performance was deficient. Even if he had, he has not alleged resulting prejudice. Because he has not satisfied both prongs of *Strickland*, he is not entitled to § 2255 relief on this conclusory claim. *See Miller*, 200 F.3d at 282.

Movant also contends counsel was ineffective for failing to call Toxicologist, who was listed under "will call" on the defense's witness list, to testify at trial. (*See* doc. 261; *see also* No. 3:19-CV-1826-L-BH, doc. 2 at 7; doc. 10-1 at 24-25.) He argues that her "testimony was needed to explain the quantity of drugs in [the victim's] system during the events in question and her ([the victim's]) original interview with law enforcement. She was also to explain what affects [sic] those drugs would have had on [the victim]." (No. 3:19-CV-1826-L-BH, doc. 10-1 at 24-25.) He

---

[10] Movant relies on Ex-girlfriend's testimony at his sentencing hearing regarding her knowledge about the party at which the victim was told she would be dancing, the involvement of an individual known as JD in coordinating the party, the victim's alleged willingness to engage in prostitution, and the identity of the person who called her on the pre-paid cellphone linked to Movant and found in a search of his vehicle. (*See* No. 3:19-CV-1826-L-BH, doc. 10-1 at 18-22.)

attaches two declarations from her that were filed in support of the sentencing memorandum. (*See id.*, doc. 13 at 24-29; *see also* doc. 322 at 4-6; doc. 344.) They detail the types and quantities of drugs in the victim's system at or near the time of the offense, opine on the victim's status as a drug addict or drug abuser, and detail the possible symptoms or effects of the respective drugs in the victim's system. (*See id.*) Movant claims that "[b]eing deprived of [Toxicologist's] testimony prevented [him] from putting on a complete defense to the charges he faced at trial." (*Id.*, doc. 10-1 at 25.) Her "testimony's bearing on [the victim's] credibility, alone, could have changed the outcome of the trial." (*Id.*, doc. 13 at 7.)

Assuming that she was available to testify by virtue of her identification on the defense's witness list, that she would have testified consistent with the statements in her declarations, and that the testimony would have supported the defense's strategy of "shattering [the victim's] semblance of credibility," as alleged by Movant, he still must show a reasonable probability that the outcome of the trial would have been different if Toxicologist had testified. (No. 3:19-CV-1826-L-BH, doc. 13 at 6); *see also Day*, 566 F.3d at 539. He has not satisfied this burden. Contrary to his allegations, her declarations are consistent with the victim's testimony regarding the drugs she voluntarily took either the day of or prior to the offense, her denial of drug addiction or abuse, and the inconsistencies between her trial testimony and her interviews with law enforcement.[11] Movant presents nothing more than the mere possibility of a different outcome and conclusory statements, neither of which is sufficient to demonstrate *Strickland* prejudice. *See Crane*, 178 F.3d at 312; *Koch*, 907 F.2d at 530. Because Movant has failed to satisfy his burden under *Strickland*, he is not entitled to § 2255 relief on this claim, and it should be denied.

---

[11] The victim testified at trial that she ingested cocaine, methamphetamine, "something else", muscle relaxants, Lortab, and Xanax, either the day of or the day before the offense. (*See* doc. 384 at 181-83; doc. 385 at 89-90, 104-06). She also indicated that she was addicted to oxycontin during the year of the offense and sought treatment; she denied being addicted to drugs or abusing drugs at the time of the offense. (*See* doc. 385 at 89, 97-99.)

### 4.     *Physician*

For the first time in his reply, Movant identifies Physician as a witness counsel should have called at trial. (*See* No. 3:19-CV-1826-L-BH, doc. 10-1 at 23.) He claims that at the time of the offense, he "was suffering from a knee injury, was supposed to be using a crutch and was preparing to have surgery on his knee. [Movant's] condition made it highly improbable that he could perform the acts that [the victim] stated he did." (*Id.*) He claims that "[a]t the request of [his] family, [Physician] reviewed X-Ray and MRI reports from [his] medical records, cocerning [sic] his knee." (*Id.*) He attaches correspondence from Physician regarding an "Interpretation of X-Ray of a knee," dated July 11, 2012, which states:

> I was asked to review this MRI scan of a right knee presented to me by a Christy Mitchell. This X-Ray shows an abnormal posteromedial meniscus demonstrating a complete, non displaced horizontal linear tear. There is reported a small to moderate volume joint effusion. I have seen many x-rays like this one. All the people suffer severe and nagging pain that makes it difficult to walk, stand, stoop, bend and sleep at night. They are subject to falls. They will need an arthroscope to try to repair damage and improve pain. Thank you.

(*Id.*, doc. 10-2 at 8.) Movant also includes a medical report signed by Bruce Cheatham, M.D., D.A.B.R., regarding an MRI without contrast of Movant's right knee on March 28, 2012, for an injury sustained on March 10, 2012, almost two months before the date of the offense of conviction. (*Id.*, doc. 10-2 at 9.)

Movant fails to provide any evidence demonstrating that Physician was available to testify at his trial in 2015 and would have done so,[12] showing the content of Physician's proposed testimony, or showing that the proposed testimony would have been favorable to a particular defense. His correspondence does not identify whose x-ray he is interpreting, but even assuming it is Movant's, it provides no information regarding the date of the x-ray, injury, or status of the

---

[12] According to Movant, Physican was listed as a "may call" witness for the defense "because he had expressed discontent with being affiliated with a criminal case." (No. 3:19-CV-1826-L-BH, doc. 10-1 at 26.)

injury and treatment at the time of the offense. It also does not express any opinion regarding whether Movant could perform the actions the victim testified about at trial. Movant's speculative and conclusory allegations that the correspondence shows that he "was not physically capable" of performing the actions testified to at trial, or that his "condition made it highly improbable" that he could perform them, is insufficient to warrant habeas relief. (*Id.*, doc. 10-1 at 23); *see also Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("'[H]ypothetical or theoretical' testimony will not justify the issuance of a writ[.]"). He has failed to satisfy his burden under *Strickland* to establish the ineffective assistance of counsel for failure to call Physician as a witness at trial. *See Day,* 566 F.3d at 538; *Alexander,* 775 F.2d at 602. His claim should be denied.[13]

### B. Failure to Cross-Examine Government Witness

In his fourth ground, Movant contends that counsel was ineffective for failing "to completely cross examine Government Witness." (No. 3:19-CV-1826-L-BH, doc. 2 at 8.) He contends that counsel "failed to completely cross examine witness, about her actions and state of mind on the night in question. He also fail [sic] to bring out other witness testimony that would have brought Government's Witness's actions and state of mind into question." (*Id.*) Aside from these conclusory allegations, Movant does not develop this argument in his motion or replies. Because he has failed to allege how counsel failed to completely cross-examine any Government witness, explained what further cross-examination counsel should have conducted, or how he was prejudiced by counsel's alleged failure to further cross-examine any Government witness, he is not entitled to relief on this conclusory claim. *See Miller*, 200 F.3d at 282; *Koch*, 907 F.2d at 530.

---

[13] In his reply, Movant also alleges that "Dr. James Pinckney, II, who was listed as "Will Call" [on the defense's trial witness list] was slated to give the same or similar testimony" as Physician. (*Id.*, doc. 10-1 at 26.) Even assuming that Dr. Pinckney was available and would have testified at trial, Movant has failed to set out the content of his proposed testimony, and to show that the testimony would have been favorable to a particular defense. He also has failed to allege facts or evidence showing prejudice under *Strickland*. To the extent his reply may be liberally construed as contending that counsel should have called Dr. Pinckney at trial, Movant is not entitled to relief on this conclusory claim, and it should be denied.

The claim should be denied.

## V. CUMULATIVE ERROR

In his fifth ground, Movant contends that the "accumulative affect [sic] of Grounds One - Four made [Movant's] trial unfair and prevented him from presenting a complete defense." (No. 3:19-CV-1826-L-BH, doc. 2 at 9.)

The Fifth Circuit has recognized that "'[u]nder the cumulative error doctrine, relief may be obtained only when constitutional errors so fatally infect the trial that they violate the trial's fundamental fairness.'" *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2014) (quoting *United States v. Stephens*, 571 F.3d 401, 412 (5th Cir. 2009)). Because Movant failed to establish that his counsel was constitutionally ineffective under *Strickland* on any of his claims of ineffective assistance of counsel, or that the Government violated his constitutional rights by intimidating and threatening his co-defendant from testifying at trial, he has not demonstrated any constitutional errors that may be considered cumulatively. *See, e.g., Tovar v. United States*, No. 3:18-CV-528-B (BT), 2019 WL 7762200, at *7 (N.D. Tex. Dec. 26, 2019) (finding that the movant was not entitled to § 2255 relief on cumulative error claim where he failed to establish a constitutional violation on any of his claims), *rec. adopted*, 2020 WL 470270 (N.D. Tex. Jan. 29, 2020). Movant's claim of cumulative error entitles him to no relief under § 2255, and it should be denied.

## VI. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this Court on any of his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013)

(citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See Reed*, 719 F.3d at 373.  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII. RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 30, 2019 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 3rd day of June, 2022.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE