IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STERIC PAUL MITCHELL,<br>ID # 46136-177,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. **3:19-CV-1826-L-BH**<br>§  Criminal Action No. 3:13-CR-128-L(1)<br>§<br>§<br>§ |

### MEMORANDUM OPINION AND ORDER

On June 3, 2022, United States Magistrate Judge Irma Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 23), recommending that the court deny with prejudice Movant Steric Paul Mitchell's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2), filed July 30, 2019. For the reasons that follow, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, **accepts** them, as supplemented by this opinion, as of those of the court, and **denies with prejudice** Mitchell's Section 2255 Motion (Doc. 2).

**I.   Factual Background**

Mitchell and Co-defendant Gregory Hunt ("Co-defendant") were indicted for Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(a); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2); Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (2); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 (g)(1) and 924(e)(1). Indictment, *United States v. Mitchell, et al.*, No. 3:13-CR-00128-L-1 (N.D. Tex. April 10, 2013), Doc. 1.

Mitchell proceeded to trial on Counts One, Two, and Three, and was found guilty by a jury on Counts One, Conspiracy to Commit Kidnapping, and Three, Kidnapping. Mitchell was sentenced to concurrent terms of 420 months' imprisonment, to run concurrently with pending state charges, followed by a three-year term of supervised release. On direct appeal, the Fifth Circuit affirmed Mitchell's convictions.

Mitchell then filed his Section 2255 Motion now before the court in which he raises several collateral attacks to his convictions. He claims ineffective assistance of counsel, specifically alleging a failure to investigate and call requested defense witnesses, and a failure to effectively cross-examine the Government's witness, the kidnapping victim ("K.R."). Doc. 2 at 7-9. Additionally, Mitchell asserts that he in entitled to relief because the Government coerced and intimidated his Co-defendant, and finally, that the cumulative effect of these errors made his trial unfair and prevented him from presenting a complete defense. *Id*.

In the Report, Magistrate Judge Ramirez determined that Mitchell was not entitled to relief under Section 2255. First, the Report found that Mitchell failed to meet his burden to demonstrate that counsel's failure to call witnesses was deficient and that he was prejudiced by that allegedly deficient performance. Doc. 23 at 6-7. Contrary to Mitchell's assertions, the offered testimony from his ex-girlfriend, Ms. Rachel Ellinger, a toxicologist ("Toxicologist"), and a physician ("Physician") would not have produced testimony sufficient to change the jury's conclusion that Mitchell was guilty. *Id.* at 7-17. Similarly, the Report found that Mitchell's assertion that counsel's failure to "completely cross-examine Government Witness" K.R. fails for lack of factual or legal argument showing prejudice. *Id.* at 17.

With respect to Mitchell's assertion that the "Government coerced and intimidated" Co-defendant to prevent him from testifying on Mitchell's behalf, the Report determined that claim is

procedurally barred because Mitchell did not raise it in direct appeal, and even "if it were not procedurally barred, his claim lacks merit" as it is devoid of facts or evidentiary support. *Id.* at 4-5. Because Mitchell's other grounds for relief fail to show a constitutional error, the Report found that Mitchell is not entitled to relief on the grounds of the cumulative error doctrine. *Id.* at 18. Finally, the Report determined that Mitchell is not entitled to an evidentiary hearing because he failed to show "independent indicia of the likely merit of his allegations." *Id.* (internal citations and quotations omitted). For these reasons, Magistrate Judge Ramirez determined that Mitchell's claims fail on the merits, and, thus, his Section 2255 Motion should be denied and this case dismissed with prejudice.

On August 22, 2022, Mitchell filed nine objections to the Report (Doc. 29), arguing in each that the Report failed to recognize the evidence showing his entitlement to relief.[*] *See* Doc. 29. Mitchell asserts that the Report failed to consider his counsel's ineffective assistance by failing to call (1) Ms. Ellinger and (2) the Toxicologist as witnesses offering testimony that K.R. was "an abusing, drug addict, at the time of the incident in question," thus undermining her credibility. *Id.* at 3-7. Mitchell also alleges that he suffered prejudice when his counsel (3) failed to call Co-defendant to testify, thus allowing the Government's charge of conspiracy to go unchallenged, (4) failed to call the Physician who would have testified to Mitchell's medical injuries that prevented him from conducting the acts alleged, and (5) failed to effectively cross-examine K.R. when she made allegedly false statements regarding her drug use, work and compensation, and physical evidence of the kidnapping. *Id.* at 11, 17-20.

Mitchell also objects to the Report's other determinations, asserting that (6) the Report incorrectly found him not entitled to relief under the cumulative error doctrine, that (7) he should

---

[*] For clarity, the court refers to each objection by number in its analysis.

not be subject to a procedural bar because he did not raise issues on appeal at the advice of counsel, and that (8) he is entitled to an evidentiary hearing because his trial counsel deviated from an agreed-upon defense and instead under-investigated and under-prepared for trial. *Id.* at 21.

Finally, Mitchell alleges that (9) the Report did not address two remaining grounds for relief: first, that had Mitchell known of his counsel's deficient strategy, Mitchell would have taken the Government's offered plea; and second, that counsel was ineffective in failing to call an expert witness who would offer testimony undermining the physical evidence of K.R.'s injuries. *Id.* at 23-24.

To support his evidence-based objections, Mitchell filed exhibits that include three verified affidavits from himself, Ms. Ellinger, and the Toxicologist, as well as business records from two pharmacies showing K.R.'s prescription history and a purported cellphone record of text messages. *See* Docs. 29-1, 29-2. The Government did not file a response.

The court conducted a de novo review of the portions of the Report to which Mitchell objected, and reviewed the exhibits attached to Mitchell's objections. *Id.* The court now addresses each objection in turn.

## II.   Discussion

### A.   Whether ineffective assistance of counsel caused Mitchell to suffer prejudice

1. *First, Second, and Fifth Objections: Mitchell was prejudiced by a lack of evidence showing illegal drug use by K.R.*

In his predominant argument, Mitchell alleges that the Report failed to recognize evidence showing that he suffered prejudice when counsel failed to investigate and offer evidence that K.R. used illegal drugs that remained in her system on the day of the kidnapping, thus depriving the jury of information to find her an uncredible witness. Doc. 29 at 3. He points to his affidavit

exhibits as non-speculative evidence that his trial counsel failed to thoroughly investigate and call to testify witnesses who would contradict the K.R.'s testimony and undermine her credibility to the jury. *Id.* In relevant part, Mitchell argues that both Ms. Ellinger and the Toxicologist would offer testimony of the K.R.'s use of cocaine and methamphetamines, showing her testimony as unreliable, and thus prevent a reasonable juror from returning a guilty verdict against him. *Id.* Mitchell contends that his trial counsel's choice to not call Ms. Ellinger or the Toxicologist to testify deprived him of a defense to the Government's version of events and denied the jury a chance to weigh that evidence in its credibility determinations. *Id.* at 5. Further, Mitchell contends that counsel failed to cross-examine K.R. effectively to show her testimony included false statements. *Id.* at 19-20.

This argument fails to consider the ample evidence of K.R.'s use of illegal drugs presented at trial. K.R. testified on the witness stand of her illegal drug use and abuse of prescription narcotics. She stated that the day before the incident, she took cocaine as well as the prescription drugs Lortab and Xanax, and that the day of the incident, she had taken methamphetamine. This is the exact evidence that Mitchell alleges was not presented to the jury.

Further, the court in its instructions to the jury stated that the testimony of a "witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of an ordinary witness." *United States v. Mitchell*, 3:13-cr-00128-L, Doc. 279 at 8. Further, the court specifically instructed the jury to consider, in light of other testimony, and decide "whether [K.R.] was telling the truth in this trial." *Id.* at 7. Accordingly, as the fact of K.R.'s drug use was both in testimony and considered by the jury along with her credibility for telling the truth, the court finds no merit in Mitchell's astounding assertion of prejudice because his counsel failed to

present witnesses who would offer the same testimony. Such testimony would have been cumulative, repetitive, and non-probative, particularly in light of the stronger evidence of K.R.'s drug use coming from her own admissions as a witness. That Mitchell makes this nonsensical allegation regarding the trial evidence is at best a stunning lapse of memory, and at worst a marked prevarication. In other words, Mitchell's allegation is a purposeful detour from the truth. For these reasons, the court **overrules** Mitchell's First, Second, and Fifth objections.

> 2. *Fourth Objection: Counsel failed to offer evidence to rebut the Government's conspiracy charge.*

Mitchell next argues that counsel failed to undermine the Government's conspiracy charge by not investigating Co-defendant Hunt's testimony and then offering him as a witness. Doc. 29 at 11. Mitchell asserts that the missing testimony, along with cellphone record evidence of Mitchell's text messages, would have "created a reasonable probability that one rational juror could not have found the essential elements (joinder/agreement, and guilty knowledge)." *Id.* More to the point, Mr. Hunt's attorney stated in clear and unequivocable language to the court that he would not permit his client to testify during Mitchell's trial. The reason for this, based on the court's recollection, was that Hunt's counsel did not want his client to incriminate himself.

The Report addressed each argument in full, and Mitchell does not present new evidence or legal argument showing that the court should reject the Report's determinations. In restating the same arguments, Mitchell has failed to show a reasonable probability that Co-defendant would have offered anything more than the "mixed testimony" of Mitchell's involvement in the incident, or that the testimony "would have changed the jury's conclusion that he was guilty of conspiracy to commit kidnapping." *Id.* at 10. For this reason, the court determines that the Report is correct, and **overrules** Mitchell's Fourth objection.

### B. Ninth Objection: The Report is missing claims.

In Mitchell's Ninth objection, he asserts that the Report failed to consider and include his claims that trial counsel was ineffective in advising him of plea considerations because, as he states, had he known that counsel would fail to present a robust defense at trial, he would have accepted the Government's offered plea deal. *Id.* at 23. Mitchell also alleges that the Report did not include his claim that counsel failed to investigate or call Ms. Jennifer Juen as a witness to rebut the physical evidence of K.R.'s injuries from the kidnapping. *Id.* at 24.

The Report does not address these claims. Regardless of this omission, a review of the record and merits shows that Mitchell is not entitled to relief. First, his allegation that he would have accepted a plea deal had he known the trial outcome does not point to a miscarriage of justice in the trial proceedings, and amounts to nothing more than dissatisfaction with his conviction and sentence. *See* 28 U.S.C. § 2255.

Similarly, his claim regarding the alleged failure to develop and present testimony from Ms. Juen does not entitle Mitchell to relief. He offers nothing more than speculation and conjecture regarding the content of her testimony but states that she "was qualified to examine and interpret" the physical evidence presented at trial, which he alleges was inconsistent with the jury determination. Doc. 29 at 24. Mitchell's assertion that Ms. Juen's testimony would have a reasonable probability to rendering a different jury result is speculative, conclusory, and not substantiated by evidence. Therefore, the court **overrules** his Ninth objection to the Report's omission of these claims.

### C. The Fourth, Sixth, Seventh, and Eighth objections are unsupported by new evidence or argument.

Finally, as to Mitchell's Fourth, Sixth, Seventh, and Eighth objections, the court determines that Mitchell failed to present new evidence showing that the court should reject the Report's determinations. The Report addressed each of Mitchell's evidence-based arguments and determined that Mitchell failed to establish an entitlement to relief under Section 2255. Mitchell cannot show the Report's determinations are error by simply re-urging the same facts and evidence that the Magistrate Judge found insufficient. For this reason, the court **overrules** those objections.

### III. Conclusion

Having reviewed the record in this case, the Report, and applicable law, and having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them, as supplemented by this opinion, as those of the court. Accordingly, the court **overrules** Mitchell's Objections (Doc. 29), and **denies with prejudice** his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2). Accordingly, this action is **dismissed with prejudice**.

**It is so ordered** this 30th day of September, 2022.

Sam A. Lindsay
United States District Judge